IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP CRAIG, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SOLANO COUNTY JAIL; and ) <br> LIEUTENANT MARSH, SOLANO ) <br> COUNTY SHERIFF, ) <br> ) <br> Defendants. ) <br> _____ ) | CIV. NO. 2:08-02174 HWG |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(b)(1) WITH LEAVE TO AMEND**

On September 16, 2008, Plaintiff Phillip Craig filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1] In his Complaint, (Doc. 1), Plaintiff alleges he has been wrongfully denied regular access to the telephone. Plaintiff names the Solano County Jail, and the Solano County Sheriff, Lieutenant Marsh, in his official capacity.

For the following reasons, the Complaint is DISMISSED for Plaintiff's failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

**BACKGROUND**

Plaintiff Phillip Craig is a state prisoner who, at all times relevant to this action, was incarcerated in Solano County

---

[1]Plaintiff is incarcerated at the Solano County Jail. He is proceeding *pro se* and *in forma pauperis*.

1

Jail (Complaint ("Compl."), at 2-3, Doc. 1.)

Plaintiff sets forth one cause of action in his Complaint. (Id.) Plaintiff complains that Defendants have wrongfully denied him regular access to the telephone, providing him with one telephone call during a five week period beginning on August 1, 2008, in violation of his constitutional rights. (Id. at 3.) Plaintiff claims that Solano County has an inconsistent policy regarding access by "pro per" inmates to the telephone, and alleges that the telephone policy has changed three times since August 1, 2008. (Id.) He asserts that deputies at the jail did not allow Plaintiff regular use of the telephone because they did not "feel like doing it now." (Id.)

Plaintiff names the Solano County Jail and Lieutenant Marsh in his professional capacity as Solano County Sheriff.

Plaintiff seeks injunctive relief in the form of a court order directing the Solano County to formulate a uniform policy regarding prisoner access to the telephone. (Id. at 3.)

## STATUTORY SCREENING OF THE COMPLAINT

A federal district court is required to screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).

During screening, the court must accept as true the allegations of the complaint, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421

3

(1969); Bernhardt v. L.A. County, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt). The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*); Lucas v. Department of Corr., 66 F.3d 245, 248 (9th Cir. 1995). A district court should not, however, advise the litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13.

## **ANALYSIS**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); West v. Atkins, 487 U.S. 42, 48

4

(1988).

Mere allegations that a right secured by a state law has been violated do not satisfy the first element of a claim under § 1983.  See Lovell v. Poway Unified School District, 90 F.3d 367, 370-71 (9th Cir. 1996).

I.      **DENIAL OF TELEPHONE ACCESS**

Plaintiff states that the deputies at Solano County Jail denied him telephone access.  (Compl. at 3, ¶ IV, Doc. 1.)

"Although prisoners have a First Amendment right to telephone access, this right is subject to reasonable limitations arising from the legitimate penological and administrative interests of the prison system."  Johnson v. California, 207 F.3d 650, 656 (9th Cir. 2000) (citing Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)); see also Halvorsen v. Baird, 146 F.3d 680, 689-90 (9th Cir. 1998)).

The Ninth Circuit has recently defined the contours of this right "as the right to communicate with persons outside prison walls.  Use of a telephone provides a means of exercising this right."  Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (citing Pope v. Hightower, 101 F.3d 1382, 1385 (11th Cir. 1996) (no First Amendment violation since, among other reasons, the prisoner had an "alternative means of exercising [the right] because he could receive visitors and correspond with virtually anyone he wished.")).  In Valdez, the Ninth Circuit Court

5

concluded the telephone restriction at issue did not violate the First Amendment because, *inter alia*, the prisoner had alternative means of communicating with persons outside the prison walls, allowing the prisoner telephone access would have required the prison to allocate additional resources, and there were no obvious, easy alternatives to the challenged telephone restriction.

Plaintiff does not allege, nor can he allege, that his right of access to the Court has been denied by the prison's telephone policy, or that he does not have any alternate means of communication with persons outside the prison. Nor does Plaintiff allege that his Sixth Amendment right to telephone his attorney has been impacted.

The Complaint fails to state a claim. Accordingly, Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(ii).

## LEAVE TO AMEND

The Court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt. As the Court is unable to determine whether amendment to this pleading would be futile, **leave to amend is granted**.

By June 8, 2009, Plaintiff may submit an amended complaint to cure the deficiencies noted above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended

complaint.  If Plaintiff fails to use the court-approved form, the court may strike the amended complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write *short, plain statements* explaining: (1) the constitutional right Plaintiff believes was violated; (2) the name of each individual defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  Rizzo v. Goode, 423 U.S. 362, 371-72 (1976).  Plaintiff must repeat this process for each person he names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

Any amended complaint supercedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## 28 U.S.C. § 1915(g)

Plaintiff is further notified that because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## CONCLUSION

For the foregoing reasons,

8

1. Plaintiff's claims against the Solano County Jail and Lieutenant Marsh are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1).

2. Plaintiff is given leave to amend his Complaint, if possible, to cure the deficiencies discussed above. Plaintiff is **GRANTED** up to and including June 8, 2009, to file an amended complaint.

If Plaintiff fails to timely comply with this Order, the Clerk of Court is **DIRECTED** to enter judgment of dismissal of this action with prejudice, clearly stating that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3. If Plaintiff decides to amend the Complaint in accordance with this Order, Plaintiff is **NOTIFIED** that he may not add new claims or new defendants that were not involved in the conduct, transactions, or occurrences set forth in the original Complaint. See Fed. R. Civ. P. 15(c). In short, any amended complaint is limited to the amendments approved by this Order, that is, amending the Complaint to allege, if possible, facts sufficient to state a claim under the Eighth Amendment. **No further amendment to claims, facts, or otherwise is contemplated or allowed by this Order.**

4. The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner civil rights complaint form with instructions so that he

may comply with this Order.

5. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 6, 2009.



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

PHILLIP CRAIG v. SOLANO COUNTY JAIL; and LIEUTENANT MARSH, SOLANO COUNTY SHERIFF, Civ. No. 2:08-02174 HWG, ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(b)(1) WITH LEAVE TO AMEND